**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-1261

LESLY ESPERANZA BANEGAS-RIVERA; B.S.R.,

    Petitioners,

   v.

LORETTA E. LYNCH, Attorney General,

    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: September 29, 2016   Decided: November 2, 2016

Before WYNN and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Jay S. Marks, LAW OFFICES OF JAY S. MARKS, LLC, Silver Spring, Maryland, for Petitioners. Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Julie Iversen, Senior Litigation Counsel, Robert Michael Stalzer, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lesly Esperanza Banegas-Rivera and her daughter, B.S.R., natives and citizens of Honduras, petition for review of an order of the Board of Immigration Appeals (Board) dismissing their appeal from the immigration judge's (IJ) decision denying Banegas-Rivera's applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). For the reasons set forth below, we dismiss the petition for review.

The Immigration and Naturalization Act (INA) vests in the Attorney General the discretionary power to grant asylum to aliens who qualify as refugees. Djadjou v. Holder, 662 F.3d 265, 272 (4th Cir. 2011). A refugee is someone "who is unable or unwilling to return to" her native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2012). An asylum applicant has the burden of proving that she satisfies the definition of a refugee to qualify for relief. Djadjou, 662 F.3d at 272. She may satisfy this burden by showing that she was subjected to past persecution or that she has a well-founded fear of persecution on account of a protected ground. See 8 C.F.R. § 208.13(b)(1) (2016). If the applicant establishes past

2

persecution, she has the benefit of a rebuttable presumption of a well-founded fear of persecution. Djadjou, 662 F.3d at 272.

If the applicant is unable to establish that she was the victim of past persecution, she must establish a well-founded fear of future persecution. A well-founded fear of persecution has a subjective and objective component. Marynenka v. Holder, 592 F.3d 594, 600 (4th Cir. 2010). The subjective component requires that the applicant show genuine fear of persecution. The objective component requires that the applicant show with specific and concrete facts that a reasonable person in like circumstances would fear persecution. Id.

An applicant faces a heightened burden of proof to qualify for withholding of removal to a particular country under the INA. Djadjou, 662 F.3d at 272. She must show a clear probability of persecution on account of a protected ground. Id. If she meets this heightened burden, withholding of removal is mandatory. However, if the applicant cannot demonstrate asylum eligibility, her application for withholding of removal will necessarily fail as well. Id.

Additionally, because Banegas-Rivera is claiming that she was persecuted and fears future persecution at the hands of a private actor, her former partner, and not the Honduran government, she must establish that the government cannot or will not control the offender. See Mulyani v. Holder, 771 F.3d

3

190, 198 (4th Cir. 2014) (noting that an applicant alleging past persecution must "show that the harm was inflicted by the government or by others whom the government is unable or unwilling to control"); M.A. v. INS, 858 F.2d 210, 218 (4th Cir. 1988) (holding asylum can be established by showing that the government is "unwilling or unable to control the offending group").

Because the Board "issued its own opinion without adopting the IJ's opinion . . . we review that opinion and not the opinion of the IJ." Martinez v. Holder, 740 F.3d 902, 908 (4th Cir. 2014). We will uphold the Board's decision unless it is manifestly contrary to the law and an abuse of discretion. Djadjou, 662 F.3d at 273. The standard of review of the agency's findings is narrow and deferential. Factual findings are affirmed if supported by substantial evidence. Id. Substantial evidence exists to support a finding unless the evidence was such that any reasonable adjudicator would have been compelled to conclude to the contrary. Id. Whether the government is unable or unwilling to control the private actor is a factual finding. Hernandez-Avalos v. Lynch, 784 F.3d 944, 951 (4th Cir. 2015).

After reviewing the record, we conclude that substantial evidence supports the finding that Banegas-Rivera failed to show that the Honduran government was unable or unwilling to control

4

her abuser and we are not compelled to reach a different result. Banegas-Rivera's claim that she established past persecution on account of a protected ground is not relevant because the Board decided her appeal on the issue that she failed to show that the Honduran government was unable or unwilling to control the abuser. Banegas-Rivera's challenge to the denial of protection under the CAT is not reviewable because she did not raise this issue on appeal to the Board. Her failure to exhaust this issue deprives us of jurisdiction to consider it. See 8 U.S.C. § 1252(d)(1) (2012) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."); Kporlor v. Holder, 597 F.3d 222, 226 (4th Cir. 2010) ("It is well established that an alien must raise each argument to the [Board] before we have jurisdiction to consider it." (internal quotations and citation omitted)).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED

5